# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Miguel Riccio,<br>c/o FOP/OLCI (MWP)<br>2721 Manchester Road<br>Akron, Ohio, 44319<br><br>      Plaintiff,<br><br>vs.<br><br>City of Massillon, Ohio<br>c/o Mayor Kathy Catazaro-Perry<br>151 Lincoln Way East<br>Massillon, Ohio, 44646<br><br>      Defendant. | **COMPLAINT WITH JURY DEMAND** |

Now comes Plaintiff Miguel Riccio, by and through his undersigned counsel, and for his Complaint for relief states as follows:

## PARTIES AND JURISDICTION

1. This action is brought by Plaintiff Riccio to recover overtime wages earned by him and owed to him by his employer, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and the Ohio Minimum Fair Wage Standards Act, Chapter 4111 of the Ohio Revised Code.

2. Plaintiff is a United States citizen and works in the State of Ohio.

3. At all relevant times, Plaintiff was an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e)(2)(C) and Ohio Rev. Code §4111.03(D)(3) and were engaged in commerce within the meaning of 29 U.S.C. §§ 206-207.

4. Defendant City of Massillon ("City") is a municipality in the state of Ohio. Defendant City is an employer within the meaning of Section 3(d) and 3(x) of the FLSA, 29 U.S.C. §203(x) and Ohio Rev. Code §4111.03(D)(2); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r); and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. §203(s)(1).

## II. JURISDICTION AND VENUE

5. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

6. Venue is proper in this court because all of the actions complained of took place in Stark County, Ohio within the Northern Judicial District of Ohio's Eastern Division.

## FACTUAL BACKGROUND

7. The Massillon PD employs law enforcement officers, like Plaintiff, who are assigned to the K-9 Unit. During relevant periods, Plaintiff was assigned to the K-9 unit where he was responsible for a K-9 partner or police dog. In Ohio the Dogs must be certified to perform one or more types of law enforcement activity. The K-9 partner is trained to assist Plaintiff in the performance of his duties as a law enforcement officer.

8. Plaintiff is responsible for his K-9 partner while the K-9 is assigned to the Plaintiff. Throughout that period, the City required Plaintiff to care for his dog and house the dog in his home. Plaintiff cared for his K-9 partner seven days per week, 365 days per year. Such care included, but was not limited to, pre-shift, post-shift, and off-duty daily routines. The care of the K-9's took approximately an additional 1.5 hours per day during those times that Plaintiff was not on duty on those days he was assigned to work, and 3.5 hours on those days that Plaintiff was not assigned to work. In total, these activities took at a minimum an additional 14.5 hours per week.

9. Indeed, even the Massillon Police Canine policy recognizes that the proper care and training of the K-9 partners required work outside the normal duty day. According to the policy, k-9 handlers are to be given a minimum of five (5) paid hours each week outside of normal duty hours to perform these tasks.

10. Plaintiff was never provided that paid time and was never paid for any time outside his shift to provide care and training for his k-9 partner.

**Pre-Shift, Post-Shift and Off-Duty Work**

11. The pre-shift routine included work consisting of feeding, watering, breaking, exercising, training, grooming, general cleaning and maintenance of the dog kennel and other general care.

12. The post-shift routine included work consisting of feeding, watering, waiting to avoid stomach torsion, breaking, exercising, training, grooming, general cleaning and maintenance of the dog kennel and other general care.

13. The off-duty routine included work consisting of feeding, watering, breaking, grooming, training, exercising, bathing, attending veterinary visits, general cleaning and maintenance of the dog kennel and other general care.

14. The performance of the duties listed in paragraphs 8 through 10 above were required by the City in order to ensure that the K-9 was nourished and in good health, and ready and available for active service at a moment's notice.

15. The performance of the duties listed in paragraphs 8 through 10 above was necessarily and primarily for the benefit of the City of Massillon and its law enforcement efforts.

16. The performance of the duties listed in paragraphs 10 through 13 above were an integral and indispensable part of Plaintiff's job as a K-9 handler.

17. While employed as a K-9 handler, Plaintiff worked in excess of his regular schedule on a regular and recurring basis.

18. Plaintiff was not paid wages or overtime for the care of the K-9 during his employment with the City, in the manner and methods provided in, and subject to, the FLSA and OFMWSA.

19. The City failed to make, keep and preserve records of the hours worked by Plaintiff.

20. As a result of the City's record-keeping practices, the work performed by Plaintiff is unrecorded in the City's time and earnings records.

21. The City of Massillon knowingly and willfully failed to pay Plaintiff his wages and overtime during his employment.

## COUNT ONE

### Violation of the Fair Labor Standards Act

22. Plaintiff re-alleges all prior paragraphs and incorporates by reference all the allegations contained in the preceding paragraphs of the Complaint.

23. The City's practice and policy of not paying Plaintiff wages and overtime compensation for the care of the K-9 Officer at a rate of one and one-half times his regular rate of pay for the hours worked in excess of 40 hours in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

24. The City's failure to keep records of all the hours worked each workday and the total hours worked each workweek by Plaintiff violated the FLSA, 29 C.F.R. 516.2(a)(7).

25. By engaging in the above-mentioned activities, the City willfully, knowingly and/or recklessly violated the provisions of the FLSA.

26. As a result of the City's practices and policies, Plaintiff has been damaged in that he has not received wages due him pursuant to the FLSA.

27. Because the City violated the provisions of the FLSA as set forth above, the Ohio SPD is liable to Plaintiff for overtime pay at the rate of one and one-half times their regular hourly rate for each hour worked in excess of 40 hours per workweek for the three-year period immediately preceding the filing of this lawsuit, liquidated damages, attorney fees, and costs of suit.

## COUNT TWO

### Violation of the Ohio Fair Minimum Wage Standards Act

28. Plaintiff re-alleges all prior paragraphs and incorporates by reference all the allegations contained in the preceding paragraphs of the Complaint.

29. The City's practice and policy of not paying Plaintiff wages and overtime compensation for the care of the K-9 Officer at a rate of one and one-half times their regular rate of pay for the hours worked in excess of 40 hours in a workweek violated Section 4111.03 of the Ohio Revised Code.

30. The City's failure to keep records of all the hours worked each workday and the total hours worked each workweek by Plaintiff violated Section 4111.03 of the Ohio Revised Code.

31. By engaging in the above-mentioned activities, the City willfully, knowingly and/or recklessly violated the provisions of Section 4111.03 of the Ohio Revised Code.

32. As a result of the City's practices and policies, Plaintiff has been damaged in that he has not received wages due him pursuant to Section 4111.03 of the Ohio Revised Code.

33. Because the City violated the provisions of Section 4111.03 of the Ohio Revised Code as set forth above, the City is liable to Plaintiff for overtime pay at the rate of one and one-half times his regular hourly rate for each hour worked in excess of 40 hours per workweek for the three-year period immediately preceding the filing of this lawsuit, liquidated damages, attorney fees, and costs of suit.

WHEREFORE, Plaintiff Miguel Riccio, demands compensatory damages against Defendant City of Massillon in the amount of $96,244.20 in back wages and an additional

$96,244.20 in liquidated damages together with all attorneys' fees and taxable costs of this action and any other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Michael W. Piotrowski*
Michael W. Piotrowski (063907)
2721 Manchester Road
Akron Oh, 44319
Telephone: 330-753-7080
Facsimile: 330-753-8955

Email: mikepiotrowskifop@icloud.com
Attorney for Plaintiff
Miguel Riccio