## AGREEMENT OF SETTLEMENT AND RELEASE

Subject to approval by the United State District Court for the Northern District of Ohio, Eastern Division, this Agreement of Settlement and Release is entered into by and between **Miguel Riccio** (herein sometimes referred to as "Riccio") and **City of Massillon** (hereinafter sometimes referred to as "Massillon") on the date indicated by the signatures below.

WHEREAS, Riccio has filed a claim with the United States District Court, Northern District of Ohio, Eastern Division, Case No. 5:21-CV-00885, captioned *Miguel Riccio v. City of Massillon*, alleging violations of the Fair Labor Standards Act ("FLSA") and the Ohio Fair Minimum Wage Standards Act ("OFMWSA"); and

WHEREAS, Riccio has potentially other claims against Massillon; and

WHEREAS, Massillon has denied and continues to deny all claims of liability alleged by Riccio; and

WHEREAS, the parties engaged in an extensive exchange of information regarding the claims made in Riccio's Complaint; and

WHEREAS, the parties agree that there are bona fide disputes involving wage and overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and the Ohio Fair Minimum Wage Standards Act ("OFMWSA"); and

WHEREAS, subject to approval by this Court, the parties agree to settle Riccio's FLSA claims raised in the action upon the terms and conditions set forth herein.

NOW, THEREFORE, in consideration of the mutual promises contained herein, and other good and valuable consideration, the parties do hereby settle, compromise, and resolve any and all claims specified in the Complaint as follows:

### Approval of Settlement and Dismissal of Action

1. <u>Cooperation</u>. The parties agree to cooperate and take all steps necessary and appropriate to obtain final approval by the Court of the Settlement, to effectuate its terms and cause all claims relating to Riccio to be dismissed with prejudice.

2. <u>Fair, Adequate, and Reasonable</u>. The parties agree that the settlement is fair, adequate, and reasonable for all parties and participants and will so represent to the Court.

3. <u>Joint Motion for Approval of Settlement</u>. Within fourteen (14) days of the execution of this Agreement, the parties will file a Joint Motion for final approval of this settlement, attached to which will be a proposed Final Order and Judgment dismissing the action with prejudice.

4. <u>Settlement Payments</u>. Within thirty (30) days of approval by this Court of the settlement and dismissal of this case with prejudice, Massillon will pay the total sum of Forty Five Thousand Dollars and 00/100 ($45,000.00) payable as follows:

EXHIBIT A

(a) Payment to Riccio in the sum of Nineteen Thousand Dollars 00/100 ($19,000.00) for lost wages, less applicable withholdings which will be paid in the regular payroll cycle. This sum shall be paid as W-2 wages. Riccio shall receive a 2022 W-2 for these wages.

(b) Payment to Riccio the sum of Nineteen Thousand Dollars 00/100 ($19,000.00) for liquidated damages. This amount will be directly deposited into the account Riccio uses for his regular payroll cycle. Riccio shall be provided a 2022 1099 for this sum.

(c) Payment to Attorney Michael W. Piotrowski, the sum of Seven Thousand Dollars and 00/100 ($7,000.00), which includes attorney fees and costs. A 2022 1099 will be provided to Attorney Michael W. Piotrowski. The above sums shall be mailed to Attorney Michael W. Piotrowski, 2721 Manchester Road, Akron Ohio 44319.

(d) The above sums shall be in full and complete settlement of any and all FLSA and other wage claims between Riccio and Massillon and/or its officers, directors, employees or agents.

5. Other than as provided herein, Riccio agrees that he is responsible for his own costs, expenses, and attorney fees.

6. Riccio is responsible for any and all tax liabilities and consequences which may result from receipt of payments made to him or his counsel under this agreement and agrees that Massillon bears no responsibility for any such tax liabilities or consequences.

- Riccio agrees, on behalf of himself, his heirs, executors, administrators, assigns, agents, and representatives, to hereby release and discharge the City of Massillon, and each and every one of its predecessors, successors, and assigns together with each and every one of its present, past and future Mayors, Police Chiefs, officers, managers, directors, employees, agents, attorneys, insurers, and heirs and executors of the same, (hereinafter collectively referred to as "Releasees") for any and all suits, actions, causes of action, complaints, obligations, demands, common law or statutory claims accrued or unaccrued, present or future, which were brought or could have been brought against Releasees as of the Effective Date and which did arise, in whole or in part, or relate in any way, to the subject matter of, or the conduct, acts, omissions, transactions, events, policies, disclosures, statements, occurrences, or causes of action, alleged in the Complaint filed in this Lawsuit, including without limitation, claims regarding or for alleged unpaid overtime wages (in whatever form of calculation), liquidated or other damages, unpaid costs, penalties (including late payment penalties), premium pay, interest, attorneys' fees, litigation costs, restitution, or other compensation and relief arising under the FLSA, the Ohio Revised Code, Chapter §4111 *et seq.*, and/or any other state or local wage-related law which were asserted or which could have been asserted prior to the date of the Court's Order approving this Agreement.

- Any basis for recovering costs, fees, or other expenses, including attorney's fees incurred in connection with the review and consideration of this Agreement.

7. Nothing in this Settlement Agreement shall be construed or deemed an admission of liability, culpability, or wrongdoing on the part of Massillon and Massillon denies any such liabilities. The parties have entered into this settlement with the intention to avoid further disputes and litigation with their attendant inconvenience and expenses.

8. Riccio agrees not to make any disparaging, non-truthful statements concerning Massillon, Massillon's current, past, and future Mayors, Police Chiefs, managers, officers, directors, employees, attorneys, agents, or contracting parties, or its operations. This non-disparagement clause shall not in any way prevent Plaintiffs from disclosing any information in response to a lawful subpoena or court order requiring disclosure of information. Massillon agrees not to disparage or retaliate against Riccio.

9. The parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arms-length negotiations between the parties and that this Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party participated in the drafting of this Settlement Agreement.

10. In the event that an individual provision of this Settlement Agreement is found to be legally unenforceable, such provision shall be severed from the contract leaving the remainder intact and binding on all parties.

11. The parties agree the terms, conditions and amount of this Settlement Agreement are and shall remain confidential to the extent permitted by law.

12. This Settlement Agreement may not be changed, altered, or modified except in a writing signed by the parties and approved by the Court. However, if the Court does not approve the Settlement Agreement, then this Settlement Agreement will have no force and effect.

13. This Settlement Agreement contains the entire agreement between the parties and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written, and whether by a party or such party's counsel relating to the resolution of this matter, are merged into this Settlement Agreement.

14. No oral understandings, statements, promises, or inducements contrary to the terms of this Settlement Agreement exist.

15. No rights under this Settlement Agreement may be waived except in writing and signed by the parties.

16. This Settlement Agreement may be executed in counterparts, including without limitation, by facsimile transmission or by transmission of a PDF or other similar file via email. When each party has signed and delivered at least one counterpart, each counterpart shall be deemed an original, including without limitation, those sent by facsimile transmission or by transmission of a PDF or other similar file via email, and when taken together with other signed counterparts, shall constitute one Settlement Agreement which shall be binding upon and effective as to all parties.

IN WITNESS WHEREOF, the parties have signed this Agreement on the date set forth with their signatures.

Date: 1-25-2022

_____
**MIGUEL RICCIO**

**CITY OF MASSILLON**

Date: January 19, 2022

By: _____

Its: Safety Service

03187581-2 / 06271.00-0150